IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY d/b/a TEXAS BONDING COMPANY<br><br>*Plaintiff*,<br><br>v.<br><br>B.C. MILLER ELECTRIC COMPANY, INC., HAMAC INDUSTRIES INCORPORATED, MITCHELL D. MACON, AND ANGELA B. MACO,<br><br>*Defendants*. | Civil Action No. 7:22-cv-00054 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff American Contractors Indemnity Company d/b/a Texas Bonding Company (the "**Surety**") complains of B.C. Miller Electric Company, Inc., Hamac Industries Incorporated, Mitchell D. Macon, and Angela B. Maco (collectively, the "**Defendants**") and respectfully states as follows:

### I.    PARTIES

1. Plaintiff American Contractors Indemnity Company d/b/a Texas Bonding Company is a California corporation that is authorized to do business in the state of Texas.

2. Defendant B.C. Miller Electric Company, Inc. is a domestic corporation with its principal place of business in Nederland, Texas. B.C. Miller Electric Company, Inc. may be served with process through its registered agent, Mitchell Macon, at 1504 Nederland Ave., Nederland, Texas 77627.

3. Defendant Hamac Industries Incorporated is a domestic corporation with its principal place of business in Nederland, Texas. Hamac Industries Incorporated may be served with process through its registered agent, Mitchell Macon, at 1504 Nederland Ave., Nederland, Texas 77627.

4. Defendant Mitchell D. Macon, an individual resident of the state of Texas, may be served with process at 523 N 15th Street, Nederland, Texas 77627.

5. Defendant Angela B. Macon, an individual resident of the state of Texas, may be served with process at 523 N 15th Street, Nederland, Texas 77627.

## II.   STATEMENT OF JURISDICTION

6. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The parties are diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.   VENUE

7. Venue is proper in this district under 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## IV.   FACTUAL BACKGROUND

8. The Surety issued performance and payment bonds on behalf of B.C. Miller Electric Company, Inc. ("**B.C Miller**") in connection with improvements to be performed on a construction project located in Odessa, Texas. The bonds issued by the Surety include the following bond (the "**Bond**"), for the following project (the "**Project**") and obligee (the "**Obligee**"):

| BOND NO. | PROJECT | OBLIGEE | PENAL LIMIT |
|---|---|---|---|
| 1001119647 | Downing ES – Complete Electrical Systems | Setex Construction, Inc. | $1,819,400 |

|  | (the "**Project**") |  |  |

9. On or about May 29, 2018, to induce the Surety to issue the Bonds, the Defendants executed a *General Agreement of Indemnity* (the "**Indemnity Agreement**") in favor of the Surety for any and all loss or expenses the Surety incurs in connection with issuing the Bonds. A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit "A" and fully incorporated herein for all purposes.

10. Section III. of the Indemnity Agreement provides, in pertinent part, the following:

   **Indemnity, Exoneration and Hold Harmless**: The Principals and Indemnitors shall, jointly and severally, exonerate, indemnify, reimburse, and save and hold the Surety harmless from and against any and all demands, liabilities, losses, costs, damages, expenses and fees (including, but not limited to, those incurred by or in connection with accountants, attorneys, consultants, engineers, investigation, and other professionals), interest, court costs, and any and all other types of losses, costs or expenses of whatsoever kind or nature, which the Surety may sustain or incur or which arise by reason of or in any manner in consequence of any one or more of the following: (i) the execution or procurement by the Surety of any Bond; (ii) the failure of any Principal or Indemnitor to perform or comply with any provision of this Agreement; (iii) the enforcement of any provision of this Agreement; (iv) the conduct of any investigation regarding the Surety's alleged obligations or liabilities under any Bond or in connection with any Contract. . . ."

11. Section X. of the Indemnity Agreement provides, in pertinent part, the following:

   **Deposit with Surety**: If an Event of Default occurs, or if a claim is made against the Surety under any Bond, the Principals and Indemnitors shall, on demand from the Surety, immediately deposit with the Surety collateral in any amount, value or form as the Surety may designate in its sole and absolute discretion."

12. The Surety received two notices of claims for payment from Bonded Lightning Protection Systems, Ltd. and Consolidated Electrical Distributors, Inc., (collectively "**Claimants**") subcontractors/suppliers of B.C. Miller who delivered labor and/or materials to the Project. Surety

investigated the claims and paid all claims that satisfied the terms and conditions of the payment bonds and applicable law. Specifically, Surety remitted payment to Bonded Lightning Protection Systems, Ltd. In the amount of $41,250.50 and to Consolidated Electrical Distributors, Inc. in the amount of $267,380.51. Surety also incurred other expenses related to the loss payments.

13. The Surety issued a written demand to the Defendants on August 24, 2021, notifying them that the Surety incurred a total loss of $309,781.01 under the Bond. Pursuant to the terms of the Indemnity Agreement, the Surety demanded the Defendants to deposit monies with the Surety in the amount of $309,781.01 to indemnify Surety of the loss under the Bond. A true and correct copy of the August 24, 2021 demand is attached hereto as Exhibit "B" and fully incorporated herein for all purposes.

14. The Defendants failed and refused, and continue to fail and refuse, to comply with the demands of the Surety.

15. As of the filing of this Original Complaint, the Surety estimates a loss under the Bonds in excess of $310,460.01.

16. All conditions precedent to recovery by the Surety from the Defendants have occurred or have been performed.

### V. CAUSES OF ACTION

#### Count I – Breach of Indemnity Agreement

17. The Surety hereby restates the facts contained in the foregoing Paragraphs of its Original Complaint as if fully set forth herein.

18. B.C. Miller has failed, delayed, refused, or is unable to complete the Projects and/or pay bills or other indebtedness incurred in connection with the Projects for which the Bonds were issued.

19. Despite demand, the Defendants failed and/or refused to pay the Surety an amount sufficient to discharge claims against the Surety from having issued the Bonds.

20. The wrongful acts of the Defendants set forth in paragraphs 17 and 18 constitute independent defaults and breaches of the Indemnity Agreement.

21. Under the Indemnity Agreement, the Defendants are jointly and severally liable to the Surety for all of the Surety's loss and expense, including attorney fees, in connection with claims on the Bonds.

## Count II – Common Law Indemnity

22. The Surety hereby restates the facts contained in the foregoing Paragraphs of its Original Complaint as if fully set forth herein.

23. The Surety has been called upon as a surety for B.C. Miller to complete performance of B.C. Miller's work on the Projects and/or to pay for B.C. Miller's alleged defaults under the Bonds.

24. B.C. Miller benefitted from the Surety's posting of the Bonds, as B.C. Miller could not have performed the contracts for which the Bonds were issued without the Bonds.

25. Under the theories of common law indemnity, unjust enrichment, and restitution, the Surety is entitled to payment by the Defendants for all of the Surety's loss and expense resulting from issuance of the Bonds.

## Count III – Exoneration

26. The Surety hereby restates the facts contained in the foregoing Paragraphs of its Original Complaint as if fully set forth herein.

27. The Defendants are jointly and severally liable to the Surety under the Indemnity Agreement for all amounts necessary to exonerate the Surety from liability asserted against it.

### Count IV – Specific Performance of Indemnity Agreement

28. The Surety hereby restates the facts contained in the foregoing Paragraphs of its Original Complaint as if fully set forth herein.

29. The Surety requests that the Court compel the Defendants to provide the Surety with access to their books, records, and accounts and other documents identified in Section XIII of the Indemnity Agreement so that the Surety may determine any additional exposure under the Bonds.

30. The Surety also requests that the Court compel the Defendants to assign all their rights to payment of any contract balance, retainage, or other sum due under any construction contract bonded by the Surety pursuant to the provisions of the Indemnity Agreement.

### Count V – Recovery of Attorney Fees and Expenses

31. The Surety hereby restates the facts contained in the foregoing Paragraphs of its Original Complaint as if fully set forth herein.

32. The Surety is entitled to recover its attorney fees and expenses from the Defendants under the Indemnity Agreement or, alternatively, under § 38.001, *et seq.* of the Texas Civil Practice & Remedies Code.

### VI.  REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff American Contractors Indemnity Company d/b/a Texas Bonding Company respectfully requests that B.C. Miller Electric Company, Inc., Hamac Industries Incorporated, Mitchell D. Macon, and Angela B. Maco be cited to appear and answer herein and, upon final trial thereof, that the Surety receive:

   1. Judgment against the Defendants, jointly and severally, in the amount of damages incurred by the Surety;

2. Judgment against the Defendants, jointly and severally, for amounts necessary to exonerate the Surety from all liability assessed against it;
3. An order of the Court compelling the Defendants to perform their obligations under the Indemnity Agreement;
4. Attorney fees and expenses;
5. Pre- and post-judgment interest at the maximum rate permissible at law or in equity;
6. Costs of court; and
7. Such other and further relief to which the Surety may be justly entitled.

Respectfully submitted,

**WEINSTEIN RADCLIFF PIPKIN LLP**

*/s/ Gregory M. Weinstein*
Gregory M. Weinstein
State Bar No. 21096430
8350 N. Central Expressway, Suite 1550
Dallas, Texas 75206
214-865-6126 Telephone
214-865-6140 Facsimile
gweinstein@weinrad.com

**ATTORNEY FOR PLAINTIFF AMERICAN CONTRACTORS INDEMNITY COMPANY d/b/a TEXAS BONDING COMPANY**